```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA

UNITED STATES OF AMERICA,      )
                               )
   Plaintiff,                  )
                               )
vs.                            )         2:13-CR-148-JAD-GWF
                               )
JULIO DE ARMAS DIAZ, et al.    )         MINUTES OF THE COURT
                               )
   Defendant(s).               )         DATED: May 5, 2014
```

PRESENT: HONORABLE JENNIFER A. DORSEY, UNITED STATES DISTRICT JUDGE

DEPUTY CLERK: Donna Sherwood         REPORTER: Felicia Zabin

COUNSEL FOR PLAINTIFF(S): Daniel Schiess, Christina Brown

COUNSEL FOR DEFENDANT(S): Kathleen Bliss, Daniel Hill,
                          Brenda Weksler, Raquel Lazo,
                          Osvaldo Fumo, Thomas Pitaro

CERTIFIED INTERPRETERS: Cristina Sanchez, Estela Castro,
                        German Santanilla

PROCEEDINGS: **JURY TRIAL (DAY 6)**

9:05 a.m. Court convenes outside the presence of the jury. Defendants are present in custody.

The Court will bring the jury in and ask them if they heard anything about the case on Friday night before they left.

The Court received the Government's Request for a Limiting Instruction with respect to Mr. Del Toro's prior convictions.

The Court inquires whether it should be read during Del Toro's testimony or during jury instructions.

Ms. Brown advises the Court it should be read after Del Toro's testimony.

Defense counsel request a chance to review it before presenting argument.

Mr. Pitaro advises the Court he will be going into Mr. Del Toro's prior convictions during his cross examination.

Ms. Brown objects to the defense using Mr. Del Toro's prior convictions under 404(b) propensity evidence.

Mr. Pitaro states he will moving to introduce Mr. Del Toro's prior Judgments of Conviction.

Ms. Brown objects and argues documents are irrelevant and inadmissible. Ms. Bliss, Mr. Pitaro and Ms. Weksler present argument in opposition.

The Court allows the admission of **Defendants' Exhibits 548, 549 and 550** subject to the limiting instruction proposed by the Government.

Mr. Pitaro and Ms. Weksler have no objection to the Government's limiting instruction. Ms. Bliss has no objection, but reserves the right to reopen at a later time.

**IT IS ORDERED** [230] Government's Motion for Limiting Instruction is **GRANTED** as stated on the record.

9:43 a.m. Court reconvenes in the presence of the jury.

The Court instructs the jurors to indicate by raising their hand if they overheard anything about the case as they were leaving the courthouse on Friday. None of the jurors raise their hands.

**YORDANI CORONA DEL TORO,** having previously been sworn, resumes the stand and testifies further on cross examination by Mr. Pitaro. **Defendants' Exhibits 548, 549, 550 admitted in evidence. Defendants' Exhibit 600 marked but not offered for admission.** The Court gives the jury a limiting instruction regarding these exhibits.

10:45 a.m. Jury admonished and excused. Court stands at recess.

11:00 a.m. Court reconvenes outside the presence of the jury. All parties are present.

The Court instructs Mr. Pitaro not to ask the same questions Ms. Bliss asked last week regarding the text messages.

```
2:13-CR-148-JAD-GWF
5/5/2014
Page 3
```
___

**YORDANI CORONA DEL TORO**, having previously been sworn, resumes the stand and testifies further on cross examination by Mr. Pitaro.

12;00 p.m. Jury admonished and excused.  Court stands at recess.

1:15 p.m. Court reconvenes in the presence of the jury.  All parties are present.

**YORDANI CORONA DEL TORO**, having previously been sworn, resumes the stand and testifies further on cross examination by Mr. Pitaro, redirect examination by Ms. Brown, recross examination by Ms. Bliss, Ms. Lazo and Mr. Pitaro, then is excused, subject to recall.

2:38 p.m. Jury admonished and excused.  Court stands at recess.

2:51 p.m. Court reconvenes outside the presence of the jury.  All parties are present.

On motion of Ms. Bliss, the Court finds Defendants' Exhibit 529 will not go back to the jury, but will remain in Defendants' exhibit book for appellate purposes.

**AGENT SHAY CHRISTENSEN,** called on behalf of the Government, is sworn and testifies on direct examination by Mr. Schiess.  The Court re-reads limiting instructions regarding the translation of 10/30/12, 4/7/13, 3/8/13 and 4/4/13 conversations.  Mr. Schiess reads Stipulation #5 to the jury.  **Government's Exhibits 53A, 53B, 69 marked and admitted in evidence.**

**IT IS ORDERED** the trial is continued to Tuesday, May 6, 2014, at 9:00 a.m.

Jury admonished and excused.

The Court and counsel confer on government's proposed exhibit 79 and counsel agree to wait until the cross of Agent Christensen to meet and discuss any redactions.

4:35 p.m. Court adjourns.

```
                              LANCE S. WILSON, CLERK
                              United States District Court
                              By:    /s/
                                  Donna Sherwood, Deputy Clerk
```